UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELI TONEY ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| WINDHAM PROFESSIONALS, INC. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Eli Toney, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Eli Toney, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which

prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.   Venue in this District is proper in that the Plaintiff resides here and the Defendant transacts business in this district.

## III.   PARTIES

4.   Plaintiff, Eli Toney, is an adult natural person residing at 548 E. Washington Ln, Philadelphia, PA 19144.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.   Defendant, Windham Professionals, Inc. at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and has a principal place of business located at 380 Main Street, Salem, NH 03079.

6.   Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Plaintiff received a series of three consecutive phone calls from an unknown number between 8:00AM and 8:15AM on August 2, 2010.

8. Plaintiff answered the third phone call and spoke with an agent of Defendant, "Dan Perota".

9. "Dan Perota" claimed he was calling for the Art Institute of Philadelphia and demanded that Plaintiff enter into a payment arrangement for an alleged debt.

10. When Plaintiff explained he would not be able to make a payment on the alleged outstanding debt due to financial difficulty, "Dan Perota" stated Plaintiff would be charged 25% interest for every month that the account remains unpaid.

11. "Dan Perota" never directly identified the name of his company, and Plaintiff was only able to learn of their true identity via the telephone number and extension given to him by "Dan Perota", which is 1-800-208-5076, ext. 2893.

12. Plaintiff was not informed that Defendant's phone call was an attempt to collect a debt any information obtained throughout the course of the phone call would be used solely for the purposes of debt collection.

13. Plaintiff has not received a thirty day validation notice or any other written communication, therefore, Defendant violated 15 USC 1692g.

14. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

15. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

18. The above paragraphs are hereby incorporated herein by reference.

19. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692d:       Any conduct that natural consequence of which is to harass, oppress or abuse any person
>
> § 1692d(6):   Placed telephone calls without disclosing his/her identity
>
> § 1692e:       Any other false, deceptive or misleading representation or means in connection with the debt collection
>
> § 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692e(11):  Communication fail to contain the mini-Miranda warning: "This is an attempt to collect a debt…communication is from a debt collector."

§ 1692f:  Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§ 1692g:  Failure to send the consumer a 30-day validation notice within five days of the initial communication

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Windham Professionals, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

### COUNT II
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

21. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

22. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

23. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

24. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

25. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

26. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

27. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

28. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

    a.     Actual damages;

    b.     Treble damages;

  c.  An award of reasonable attorneys fees and expenses and costs of court; and

  d.  Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

29.  The foregoing paragraphs are incorporated herein by reference.

30.  Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

31.  The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

32.  The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

  a.  Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

  b.  Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

  c.  Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

33.  As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

34. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

a. An Order declaring that Defendant violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: August 4, 2010

BY: */s/ Bruce K. Warren BKW4066*
Bruce K. Warren, Esquire
BY: */s/ Brent F. Vullings BFV8435*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff